UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ROY LYNN PERKINS,<br><br>Petitioner<br><br>V.<br><br>DON BOTTOM, Warden,<br>Respondent | Civil No. 12-120-GFVT<br><br>**MEMORANDUM OPINION &<br>ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Petitioner Roy Lynn Perkins's *pro se* Amended Petition for Writ of Habeas Corpus. [R. 7.] Consistent with local practice, the Court referred this matter to Magistrate Judge Robert E. Wier for initial screening and preparation of a Report and Recommendation ("R & R"). Judge Wier filed his R & R on February 21, 2013, wherein he recommended that Mr. Perkins's § 2254 petition be denied. [R. 20.] For the reasons stated below, the Court now ADOPTS the Magistrate's recommended disposition.

**I**

On September 23, 2010, the Whitley Circuit Court sentenced Perkins to fifteen years imprisonment for his role in a scheme to enter into fraudulent building contracts. [R. 10-1 at 1, 12.] On August 2, 2012, Perkins filed the present Amended Petition for Writ of Habeas Corpus. [R. 7.] Perkins argues that his "detention and restraint is unlawful because of the fact that the Commonwealth Attorney Allen Tremble used his powers of Authority to prosecute Perkins in an effort to collect debits for a friend of the Commonwealth Attorney…that loaned money to Perkins," and "when these debits could not be collected with threats and intimidation in a timely fashion this Commonwealth Attorney Allen Tremble used his powers of authority 'with full

knowledge that these were only debits for building homes' to jail Perkins for being in debit," ostensibly in violation of the Eighth Amendment. [R. 7 at 1.]

Upon review of the Petition, the Magistrate determined that Perkins's filing was time-barred. The Magistrate observed that, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to habeas petitions filed by prisoners in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d). Here, the Whitley Circuit Court entered judgment against Perkins on September 23, 2010,[1] and Perkins did not file the instant Petition until June 2012.

The Magistrate granted Perkins additional time to demonstrate that his petition was timely filed. Although Perkins subsequently provided the Magistrate with a variety of motions from the state court record, only two appear to have been filed prior to the expiration of the limitations period. One of these motions was not timely filed in state court, and the other merely asked the court to clarify the length of Perkins's sentence. [R. 20 at 5.] The Magistrate thus determined that neither motion constituted a request for "collateral review" sufficient to toll AEDPA's limitations period. [*Id.*]

Additionally, Perkins argued the Court should equitably toll the statute of limitations because "he ha[d] been denied access to documents that would have allowed him to prove his innocence and pursue post-conviction remedies." [R. 20 at 11.] Even if such denials took place, however, the Magistrate found that Perkins "clearly knew what took place…and what his grounds for relief were." [*Id.*] (internal quotations omitted) (citation omitted). Because Perkins nevertheless failed to file properly any substantive motions within the one-year period, the

---

[1] Although the Court amended its original judgment in July 2012 to correct an apparent clerical error in the calculation of Perkins's sentence, the Magistrate found that such an administrative correction should not be considered a "resentencing" for the purposes of restarting the limitations period under AEDPA.

2

Magistrate concluded that his petition was time-barred. [*Id.*] Finally, the Magistrate recommended that "[n]o Certificate of Appealability should issue for Perkins because no jurists of reason would find the Court's ruling debatable." [*Id.* at 14.]

## II

### A

Pursuant to Fed. R. Civ. P. 72(b)(2), a petitioner has fourteen days from the date of service to register his objections to the Magistrate's R & R or else waive his right to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509. (6th Cir. 1991).

### B

Perkins provides two specific objections to the Magistrate's report.[2] First, he argues that "if the State Court deliberately stalled his exhaustion of his available state remedies then it was a deliberate act of the Commonwealth to slow chill impeded and stall and to virtually keep the

---

[2] In addition to his two objections, Perkins also "contends that the calculation of the running of the statute of limitation for federal habeas corpus petitions is impacted by a petitioner's motion for collateral post-conviction relief in the state courts." [R. 20 at 3.] That is true, but Perkins never timely filed such a motion during the limitations period. Given that Perkins fails to develop this argument any further, the Court will not treat his statement as a specific objection to the Magistrate's report.

3

petitioner from begging relief from the Federal Courts then there can be no perceived notion that the Petitioners Petition is time-barred." [R. 21 at 3.] Apart from his conclusory allegation that the state court "deliberately stalled" exhaustion of his state remedies, Perkins offers no support for his contention that the state interfered with his ability to seek relief during the limitations period. Further, as the Magistrate has already concluded, Perkins did not simply fail to seek relief in *federal* court. The record also reflects that Perkins failed to file any timely motion for collateral relief in *state* court during the same period. Had he chosen to do so, such a motion would have suspended the limitations period controlling the instant petition. Given that Perkins apparently failed to seek a remedy in either court during this period, he cannot credibly claim that the state court impeded his ability to file a petition within the required time frame.

To the extent that Perkins claims the state court's denial of "access to documents that would have allowed him to prove his innocence" delayed his ability to pursue post-conviction relief, the Court agrees with the Magistrate that Perkins "clearly knew what took place…and what his grounds for relief were" at the earliest stages of this case. [R. 20 at 11.] Perkins's claims—which allege a nebulous conspiracy between his trial counsel and the Commonwealth Attorney "to jail him simply for being over extended on a debit"—are overarching and imprecise. [R. 7-1 at 1.] Perkins fails to explain how the conduct of the state court delayed his ability to make these claims sooner. Moreover, this Circuit has held that Section § 2254 "seem[s] to envision that petitioners may at times have to file their petitions without having had access to the state-court record." *Hall v. Warden*, *Lebanon Corr. Inst.*, 662 F.3d 745, 753 (6th Cir. 2011). Thus, even accepting Perkins's unsupported contention that the state court "deliberately stalled" adjudication of his claims, his petition remains time-barred.

4

In his second objection, Perkins claims that equitable tolling is appropriate because he has demonstrated "actual innocence." [R. 21 at 4.] This claim is facially without merit. A claim of actual innocence requires a showing of "factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005) (citation omitted). Credible claims of actual innocence are "extremely rare," and courts will not recognize such claims without "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* Perkins manifestly fails to meet this standard. He does not plead factual innocence, but simply claims that imprisonment "for being over extended on a debit" is illegal. [R. 7-1 at 1.] And he has presented no new evidence for the Court to consider.

### III

Apart from the foregoing objections, Perkins does not dispute the balance of the Magistrate's findings. When no objections are made to specific portions of the Magistrate's report, this Court is not required to scrutinize those "factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has carefully examined the record, and it agrees with each of the arguments supporting the Magistrate's Recommended Disposition. Finally, the Court concludes that reasonable jurists would not find the present evaluation of Perkins's claims debatable. Thus, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. The Magistrate's Recommended Disposition **[R. 20]** as to Roy Lynn Perkins is **ADOPTED** as and for the Opinion of the Court;

2. Perkins's Amended Petition **[R. 7]** is **DENIED;**

5

    3.     A Certificate of Appealability is **DENIED**; and

    4.     **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith and Civil No. 6:12-cv-00120-GFVT-REW will be **STRICKEN** from the Court's active docket.

This 1st day of December, 2015.

Gregory F. Van Tatenhove
United States District Judge